UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MAJOR CALHOUN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:07CV1284 CDP |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Major Calhoun (registration no. 1006811), an inmate at South Central Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $63.49. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $317.43, and an average monthly balance of $103.88. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $63.49, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are the Missouri Department of Corrections, Tracy Dunn (Nurse, Potosi Correctional Center), R. Webber (Correctional Officer, PCC), Unknown Harper (same), Unknown Hatcher (same), Unknown Webber (same), Unknown Wilson (same), Unknown Hawkins (same), John Doe Correctional Officers at Housing Unit 2, and all unknown physicians at PCC. The complaint seeks monetary and injunctive relief.

Each of the allegations of the complaint arise from plaintiff's incarceration at PCC. Plaintiff alleges that on November 12, 2005, he was throwing up blood while he was confined to administrative segregation. Plaintiff claims that he pressed the emergency button in his cell but that no one responded. Plaintiff says that defendant Dunn later came to his cell for routine medical rounds and that he made her aware of his condition. Plaintiff alleges that Dunn did not provide him with any medical care.

Plaintiff claims that he repeatedly asked for medical care and that none was provided. Plaintiff states that he was later found to have a hernia and that he did not receive any treatment for it.

Plaintiff says that in retaliation for his requests for medical attention, he was relocated to a cell with no emergency button. Plaintiff says, "All defendants herein are responsible inasmuch as there was a common knowledge as to my bleeding condition and no one attempted to help or prevent the placement into a cell that I could not contact staff from."

Plaintiff alleges that similarly situated Caucasian inmates were given medical care for their illnesses.

Plaintiff claims that from November 17 through November 19, 2005, he was placed in a cell with a broken toilet and that raw sewage leaked onto the floor of the cell.

Plaintiff states that he was placed in punitive segregation without any due process.

Plaintiff claims that he was denied access to legal materials and that he was prevented from properly litigating a case he was pursuing.

Plaintiff alleges that he was strip searched by defendant Hawkins, a female correctional officer, after returning to PCC from court. Plaintiff claims that during the search he was forced to remove all of his clothing, expose his genitals to the Hawkins, squat, and cough. Plaintiff alleges that the Department of Corrections designee, Tom Clement, advised plaintiff that corrective action would be taken regarding the strip search.

**Discussion**

The complaint survives initial review under 28 U.S.C. § 1915(e)(2)(B) as to defendants Dunn and Hawkins. As a result, the Court will order these defendants to respond to the complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox,

47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). Plaintiff's conclusory allegations that the defendants were collectively responsible and that the defendants were aware of his condition are not sufficient to establish liability under § 1983. As a result, the complaint fails to state a claim against defendants Missouri Department of Corrections, R. Webber, Harper, John Doe Correctional Officers, Unknown Hatcher, Unknown Webber, CMS, Allen, Wilson, and unknown physicians, and these defendants shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $63.49 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Dunn and Hawkins.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Dunn and Hawkins shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Missouri Department of Corrections, R. Webber, Harper, John Doe Correctional Officers, Unknown Hatcher, Unknown Webber, CMS, Allen, Wilson, and unknown physicians, because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of August, 2007.

                                                         _____
                                                         UNITED STATES DISTRICT JUDGE