# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MAJOR CALHOUN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:07CV1284 CDP |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's January 28, 2008, letter to the Court, which the Court will construe as a motion to add defendants to the amended complaint. So construed, the motion will be denied.

On September 10, 2007, the Court entered an Order denying plaintiff's motion for reconsideration but informing plaintiff of the procedures available for filing an amended complaint. In that Order the Court stated:

> If plaintiff chooses to file an amended complaint, he is warned that his amended complaint will take the place of his original complaint and will be the only complaint before the Court. As a result, plaintiff must include all of the defendants whom he wishes to sue in the caption of the complaint and set out specific facts against each of them in the complaint. Failure to do so risks dismissal of one or all defendants.

Plaintiff filed an amended complaint on January 17, 2008. The amended complaint did not name former defendants Dunn or Hawkins in the caption of the

complaint. Nor did it contain any allegations against these defendants. As a result, the Court dismissed defendants Dunn and Hawkins from this case.

In the instant motion, plaintiff says that he did not intend to dismiss defendants Dunn or Hawkins from this case. He claims that he was "led to believe" that the amended complaint would supplement the original complaint. He asks that Dunn and Hawkins be reinstated as defendants.

Under the Federal Rules, there may be only one complaint in a civil action. Fed. R. Civ. P. 7(a). "[A]n amended complaint supercedes an original complaint and renders the original complaint without legal effect." In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). Because former defendants Dunn and Hawkins are not named in plaintiff's amended complaint, there is no basis for reinstating them as defendants.

If plaintiff wishes to add former defendants Dunn and Hawkins as defendants in this case, he **must** file (1) a motion for leave to file a second amended complaint, and (2) a proposed second amended complaint. If plaintiff chooses to file a proposed second amended complaint, he **must** name each and every defendant in the caption of the complaint and set out specific facts against each defendant in the body of the complaint. Failure to name a party in the caption of the proposed second amended

complaint risks dismissal of that party, and failure to allege any facts relating to plaintiff's claims risks dismissal of one or more claims.

If plaintiff submits both a motion for leave to file a second amended complaint and a proposed second amended complaint, the Court will rule the motion according to the terms of Fed. R. Civ. P. 15. Additionally, the Court will review the proposed second amended complaint pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to add defendants to the amended complaint [#34] is **DENIED**.

Dated this 13th day of February, 2008.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE